*Lykins v. Workmen's Comp.,* 671 A.2d 253 at 257 (Pa.Cmwlth.1997).

The Commonwealth Court's determination that the triggering event is the date on which a claimant qualifies and receives unemployment compensation benefits is erroneous and contrary to case law. In *Bell v. Koppers Co., Inc., id.* we held that an amendment to the Workers' Compensation Act giving employers complete immunity to suit did not bar joinder of an employer in a suit where the injuries occurred prior to the amendment's effective date. In *Bell,* this Court emphasized that although suit was filed against the employer after the effective date of the amendment to the Act, the proper focus is on the date of the injury. *Id.* at 459, 392 A.2d at 1382–83.

Similarly, in *Gibson v. Commonwealth of Pennsylvania,* 490 Pa. 156, 415 A.2d 80 (1980), this Court emphatically stated "the Legislature may not extinguish a right of action which has already accrued to a claimant." *Id.* at 161, 415 A.2d at 83. In *Gibson,* plaintiffs' substantive rights to file tort claims against Commonwealth agencies accrued before promulgation of the Sovereign Immunity Act, and those rights could not be extinguished by retroactive application of the recently enacted Sovereign Immunity Act. Finding plaintiffs' rights accrued on the date of injury, we stressed "(t)hough the date of a complaint's institution is relevant to tolling of a statute of limitations, it has no place in the determination of (plaintiffs') substantive rights." *Id.* at 165, 415 A.2d at 85.

Thus, the triggering event is not the date a claimant qualifies to receive unemployment compensation benefits, rather, it is the date of the work injury. Here, Appellant's receipt of workers' compensation and unemployment compensation are connected by a single event, his July 21, 1991 work injury. Thus, the work injury was the link in the chain of events that led to Appellant's receipt of both workers' compensation and unemployment compensation benefits. Just as the right to receive workers' compensation benefits triggers on the date of the injury, the right to receive unemployment compensation benefits triggers on the date of the injury, regardless of when Appellant qualifies for unemployment benefits.

Contrary to our decisions in *Bell* and *Gibson,* in the case *sub judice,* the Commonwealth Court improperly focused on the date claimant qualified for unemployment compensation benefits. Accordingly, I join in reversing the decision of the Commonwealth Court.

### OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

### James Joseph FRITZ, Respondent.

### No. 360 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

June 2, 1998.

*ORDER*

PER CURIAM:

AND NOW, this 2nd day of June, 1998, there having been filed with this Court by James Joseph Fritz his verified Statement of Resignation dated April 17, 1998, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa. R.D.E., it is

ORDERED that the resignation of James Joseph Fritz be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if

any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.